# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOSEPH PRYER,<br>　　　Petitioner, | )<br>)<br>) |
| v. | )　　C.A. No. 17-11094-LTS<br>) |
| WARDEN JEFF GRONDOLSKY,<br>　　　Respondent. | )<br>)<br>) |

## MEMORANDUM AND ORDER

October 11, 2017

**SOROKIN, J.**

Joseph Pryer, who presently is incarcerated at the Federal Medical Center in Devens, Massachusetts, has filed a pro se petition for a writ of habeas corpus under 28 U.S.C. § 2241. Doc. Nos. 1, 20. In his petition, Pryer essentially asks this Court to reduce the sentence imposed by another federal court, citing changes in the law that he believes render him ineligible for the career offender enhancement applied by his sentencing court. The respondent seeks dismissal of the petition, arguing this Court lacks jurisdiction to entertain it and that the petition fails to state a legally meritorious claim.[1] For the following reasons, the petition is DISMISSED.

## I.　　Background

On July 7, 2005, Pryer pleaded guilty in the United States District Court for the District of Delaware to knowingly possessing with intent to distribute fifty grams or more of cocaine base,[2] and to being a felon in possession of a firearm. Doc. No. 20 at 3; Pryer v. United States,

---

[1] Rather than filing an answer or a motion to dismiss the petition, the respondent filed a two-page document entitled "Government's Opposition to Defendant's Petition for Relief." Doc. No. 14. Based on its content and the current posture of this case, the Court construes the document as a motion to dismiss the petition filed on behalf of the respondent.

[2] In fact, Pryer had more than 360 grams of cocaine base, Doc. No. 20 at 1, which the sentencing court described as "a huge quantity of drugs for Delaware," Transcript at 16-17, United States v. Pryer, No. 05-cr-15, ECF No. 49-1 (D. Del. Jan. 19, 2006) [hereinafter "Sentencing Tr."].

679 F. Supp. 2d 529, 531 (D. Del. 2010). Judge Sue L. Robinson sentenced Pryer on January 19, 2006 to a total term of 216 months' incarceration, followed by five years of supervised release. Doc. No. 20 at 3; Pryer, 679 F. Supp. 2d at 531.

In calculating the range applicable under the United States Sentencing Guidelines ("USSG"), relying on a presentence report and without objection by Pryer, Judge Robinson found he was a career offender, which enhanced both the relevant offense level and the applicable criminal history category. See Sentencing Tr. at 3. According to Pryer, that finding was based on two prior convictions in Delaware state court – one for second-degree assault, and one for second-degree robbery – which were treated as "crimes of violence" for purposes of the USSG. Doc. No. 20 at 4. The sentencing range for Pryer, given the career offender status, was 262 to 327 months. Id. at 32; Sentencing Tr. at 5.

The government argued that "a very severe sentence" in the range provided by the USSG was appropriate, in part, based on Pryer's serious criminal record. See Sentencing Tr. at 10 (characterizing Pryer as a twenty-eight-year-old with fifteen prior convictions, including several for drug offenses and violent crimes, who also had a history of violating probation). Pryer's counsel advocated for a fifteen-year sentence. Id. at 11. Judge Robinson emphasized the large amount of drugs at issue, and admonished Pryer for the "double damnation" of having "poisoned the community in which his children were going to grow up." Id. at 16-17. Nonetheless, she departed downward, imposing a sentence about halfway between the lower end of the USSG range and Pryer's recommendation.

Pryer did not appeal his plea or sentence. Pryer, 679 F. Supp. 2d at 531. In 2007, he filed a petition pursuant to 28 U.S.C. § 2255, asserting challenges to his lawyer's effectiveness and the legality of his sentence. Id. At that time, Pryer raised no challenge to his career offender

2

status under the USSG.  Id.  Judge Robinson considered and rejected Pryer's claims on their merits in January 2010.  Id.

In June 2016, the Federal Public Defender's Office for the District of Delaware sought permission to file a second § 2255 petition on Pryer's behalf, asserting that the Supreme Court's decision in Johnson v. United States, 135 S. Ct. 2551 (2015), invalidating the "residual clause" of the Armed Career Criminal Act, called into question Pryer's status as a career offender under the parallel provision of the USSG.  Motion, Pryer v. United States, No. 05-cr-15, ECF No. 52 (D. Del. June 27, 2016).  The United States Court of Appeals for the Third Circuit denied the application for leave to file such a petition, citing an intervening decision by the Supreme Court that Johnson had not invalidated the career offender provisions of the USSG, as the advisory guidelines were not susceptible to a constitutional vagueness challenge.  Order, In re Pryer, No. 16-2638 (3d Cir. May 23, 2017) (citing Beckles v. United States, 137 S. Ct. 886, 897 (2017)).

On June 7, 2017, Pryer signed and mailed a federal habeas petition to this Court.  Doc. No. 1 at 37-38.  He recently amended his petition to refine portions of his argument.  See Doc. Nos. 19, 20, 21.  Pryer attempts to invoke the "Savings Clause" of 28 U.S.C. § 2255(e) as a vehicle for presenting to this Court his post-Johnson challenge to his career offender status.  He characterizes his § 2241 petition as raising a statutory claim based on new and binding precedent that applies retroactively to him, and he argues that failure to consider his claim via the Savings Clause will result in a miscarriage of justice.  Doc. No. 20 at 9-17.  The respondent has opposed the petition, arguing challenges such as Pryer's must be raised before the sentencing court, and noting that Beckles undermines Pryer's attack on his career offender status.  Doc. No. 14.[3]

---

[3] The cursory response to Pryer's petition was of little assistance to the Court in navigating the complex legal questions presented by his effort to invoke the Savings Clause.

3

Although Pryer's arguments are not frivolous, they fail to trigger this Court's jurisdiction under 28 U.S.C. § 2241.

II.     **Discussion**

Generally speaking, a federal prisoner wishing to collaterally challenge the validity of his sentence must do so by filing a petition pursuant to 28 U.S.C. § 2255 in the federal court that imposed his sentence. § 2255(a). Under 28 U.S.C. § 2241, in certain circumstances, this Court may entertain habeas petitions filed by individuals who were sentenced in other federal courts, but who are incarcerated in facilities located within Massachusetts. United States v. Barrett, 178 F.3d 34, 49-50 & n.10 (1st Cir. 1999). This is so where a petitioner challenges the execution of his sentence, or where he demonstrates "that the remedy [available] by [§ 2255] motion is inadequate or ineffective to test the legality of his detention." § 2255(e). The latter circumstance, arising under a provision known as the Savings Clause, applies "only on rare occasions." Barrett, 178 F.3d at 52 & n.13. A "rare and exceptional" case will fall "within the narrow confines of the savings clause" only if refusal to entertain the present petition will result in a "complete miscarriage of justice." Trenkler v. United States, 536 F.3d 85, 98-99 (1st Cir. 2008). This is not such a case.

The claim Pryer presents in his § 2241 petition is essentially the same as the one he sought to litigate before his sentencing court in a second § 2255 petition. Compare Doc. No. 20 at 9-31 (arguing three Supreme Court cases[4] remove his robbery conviction from the scope of the USSG's definition of "crime of violence"), with Second or Successive Motion at 3-12, Pryer v.

---

[4] The three cases Pryer cites as the basis for his claim are Johnson v. United States, 559 U.S. 133 (2010), Descamps v. United States, 133 S. Ct. 2276 (2013), and Mathis v. United States, 136 S. Ct. 2243 (2016). See Doc. No. 20 at 11. He concedes that Beckles prevents him from advancing a claim based on the 2015 Johnson decision.

4

United States, No. 05-cr-15, ECF No. 52-2 (D. Del. June 27, 2016) (citing the same three Supreme Court cases and arguing his prior offenses were not "crimes of violence"). That the Third Circuit denied Pryer permission to advance this claim via a second or successive petition does not, on its own, render § 2255 inadequate or ineffective.[5] See Barrett, 178 F.3d at 50 (explaining that such an application of the Savings Clause would render the gatekeeping provisions of § 2255 "a meaningless gesture" and risk "recreat[ing] the serious structural problems that led Congress to enact § 2255 in the first place"); Burgess v. Grondolsky, No. 11-cv-12293, 2012 WL 139322, at *10 (D. Mass. Jan. 13, 2012) (noting "it is well settled that a petitioner . . . who has exhausted his § 2255 avenues, cannot use the 'savings clause' to circumvent the restrictions of § 2255[, ]such as the restriction on filing second and successive motions absent permission of the appellate court"); Little v. United States, No. 01-cv-40077, 2002 WL 1424581, at *2 (D. Mass. July 1, 2002) (noting "something more than a procedural bar is required to show that [the] remedy under § 2255 is inadequate," and invoking the Savings Clause where "allowing [an] *illegal* sentence to stand would represent a grave miscarriage of justice" (emphasis added)).

Pryer does not argue his sentence is illegal, that he is innocent of the charges underlying his guilty plea, or that he did not commit the crimes which served as the basis for his career offender status. Moreover, he has not identified a retroactive change in the law that would, in fact, plainly benefit him, let alone raise the risk of a miscarriage of justice.[6] Pryer's only

---

[5] The Court notes that the Third Circuit provided Pryer an opportunity to argue that Beckles should not doom his challenge to the career offender enhancements; Pryor did not respond. Order at 2, In re Pryer, No. 16-2638 (3d Cir. May 23, 2017).
[6] To the extent Pryer asserts he is entitled to a lower sentence based upon post-sentencing amendments to the USSG provisions dealing with crack cocaine offenses, see Doc. No. 20 at 32-33, such a claim may not be pursued via application for habeas relief. See, e.g., Smith v. Fondren, No. 09-cv-764, 2009 WL 2171109, at *1, *3-4 (D. Minn. July 20, 2009) (concluding

5

challenge is to whether his second-degree robbery conviction was a "crime of violence" justifying application of the career offender provisions of the USSG. But, regardless which version of the USSG applies – the 2006 edition used at his sentencing, or the 2016 edition with the "residual clause" eliminated – Pryer has not established that his robbery conviction fails to satisfy the definition of "crime of violence." In 2006, an Application Note to the definition specified that robbery was a "[c]rime of violence." Application Note 1 to U.S.S.G. § 4B1.2(a) (2006). In 2016, the list that previously was in Application Note 1 – including robbery – appears in the text of the provision defining "crime of violence." U.S.S.G. § 4B1.2(a)(2) (2016). Thus, Pryer's assertion that the Delaware crime of second-degree robbery is not encompassed within the USSG's definition of "crime of violence" fails under either version of § 4B1.2(a), as both identify robbery among the enumerated crimes which satisfy the provision.[7] See United States v. Childers, No. 16-cr-79, 2017 WL 2559858, at *6-8, *11-12 (D. Me. June 13, 2017) (finding a substantially similar state robbery statute satisfied the "enumerated offenses" provision of § 4B1.2(a), under any version of the USSG, and listing decisions in which other courts had reached the same conclusion as to similar statutes from other states); cf. United States v. Wurie,

---

that "challenges to an earlier-imposed sentence based on a subsequent change to the Sentencing Guidelines . . . must be brought in the sentencing court under 18 U.S.C. § 3582(c)"). That Pryer's ability to avail himself of such amendments to the USSG depends on whether he can first escape the career offender designation neither relieves him of this Court's jurisdictional limits nor changes the fact that the District of Delaware is the appropriate forum in which to pursue his sentencing challenges.

[7] The Delaware crime of second-degree robbery is substantially the same as the generic version of the offense. Pryer's assertion that Delaware defines the crime more broadly than the generic offense turns entirely on his view that the generic version "does not cover or encompass any inchoate conduct or offenses," while the Delaware offense extends to certain attempts and other inchoate conduct. Doc. No. 20 at 22-23 (citing 11 Del. C. § 831(b) and listing the elements of the state/specific and federal/generic offenses). His argument, however, ignores the fact that, in both relevant versions of the USSG, Application Note 1 to § 4B1.2(a) instructs that inchoate versions of enumerated offenses *are* encompassed within the definition of "crime of violence."

6

867 F.3d 28, 36 (1st Cir. 2017) (continuing, after Beckles, to view the residual clause of § 4B1.2 as "a lens through which . . . prior convictions may be judged" when applying pre-2016 versions of the USSG, and affirming a career offender enhancement based on prior decisions treating state convictions as "crimes of violence" under the residual clause).

Finally, even if Pryer were able to pursue a challenge to his career offender status here, and even if this Court were to agree that his previous robbery conviction should not qualify as a "crime of violence" for sentencing purposes, nothing in the record suggests Pryer is serving an unfair or excessive sentence in light of the conduct to which he has admitted. The generous downward departure Judge Robinson awarded effectively eliminated the career offender enhancements. Indeed, Pryer's 216-month sentence falls squarely within the range that would have applied under the USSG, had his offense level and criminal history category been reduced as he proposes. See Doc. No. 20 at 31-32 (positing that, but for career offender status, the appropriate guidelines range would have been 210 to 262 months).[8] Pryer has presented no information or argument that causes this Court to doubt the appropriateness of the sentence originally imposed, given the facts and circumstances of this case, let alone that suggests a miscarriage of justice has occurred. Furthermore, neither Judge Robinson's comments at the sentencing hearing nor her discussion of the sentencing challenges in Pryer's original § 2255 petition suggest she would have been inclined to impose a lower sentence absent the career

---

[8] Pryer's suggestion that, if his legal arguments were accepted, his "possible sentence" would have been 210 months, Doc. No. 20 at 32, assumes that Judge Robinson's decision to impose a sentence below the range she deemed applicable at his original sentencing means she would impose an even lower sentence (the low end of the new range) now. Such an assumption ignores the manner in which federal courts – aided, but not bound, by the advisory USSG – arrive at sentencing decisions. As the transcript of Pryer's original sentencing hearing reflects, Judge Robinson selected the sentence she deemed appropriate after meaningful consideration of the specific criminal conduct at issue and Pryer's individual characteristics.

7

offender status (or for any other reason).  See Pryer, 679 F. Supp. 2d at 537-37; Sentencing Tr. at 16-20.

In sum, in order to trigger this Court's jurisdiction via the Savings Clause, Pryer bears the burden of showing that denial of habeas review in this case will result in a miscarriage of justice, and that the existing means of judicial review are "inadequate or ineffective."  Trenkler, 536 F.3d at 99-100; accord Gonzalez v. United States, 150 F. Supp. 2d 236, 243-44 (D. Mass. 2001).  He has shown neither.  As a result, this Court may not entertain the proposed challenges to his sentence.

### III.    Conclusion

Accordingly, Pryer's amended petition (Doc. No. 20) is DISMISSED for lack of jurisdiction.

**So Ordered.**

 /s/ Leo T. Sorokin
United States District Judge